ROGERS v. THE LONG ISLAND RAILROAD COMPANY, appellant.

*Common carriers — loss of baggage — when carrier liable — title to articles lost.*

An expressman, employed by plaintiff, left a trunk, containing clothing, etc., part belonging to plaintiff and part to his wife, at. the depot of defendant, at the time calling the attention of defendant's agent to the trunk. The agent said "all right;" gave some men directions to take care of the trunk, and the expressman left the depot. *Held,* that the defendant was liable for the . loss of the trunk.

*Held,* also, that plaintiff's title to the contents of the trunk was sufficient to enable him to maintain an action for their loss.

APPEAL from a judgment rendered upon the verdict of a jury, and from an order denying a new trial.

The action was brought against defendant, as a common carrier, to recover the value of a trunk and its contents alleged to be lost by the negligence of defendant at its depot at James Slip, New York.

On the 11th of April, 1868, an expressman took plaintiff's trunk, at his request, to the depot mentioned. The trunk had a card fastened on it, marked with plaintiff's name and the place of his destination. The expressman placed the trunk by the side of a baggage crate, situated opposite a window in the ticket office, through which it might be seen. He informed the agent of defendant in charge of the depot where the trunk was, and such agent replied ". all right," and told two men, who were in the depot, to take care of it, whereupon the expressman left the depot. The plaintiff arrived later in the day and purchased a ticket for River-head, and, upon applying for a check for his baggage, the trunk could not be found. It was said that an expressman had presented . a check corresponding to one on the trunk, and had taken the trunk away. The contents of the trunk consisted of wearing apparel, etc., of plaintiff and that of his wife.

At the trial, defendant moved for a nonsuit, which was refused; the jury rendered a verdict for plaintiff for $328.75, and costs.

*Edgar M. Cullen,* for appellant.

*A. J. Vanderpoel,* for respondent.

Parker v. Arctic Fire Insurance Co.

PRATT, J. The expressman testified that he placed the trunk alongside the baggage crate where defendant's agent could see the trunk; that he told the agent the trunk was there, to which he answered "all right," and directed two men to take charge of it. The trunk was distinctly marked.

The judge at circuit charged the jury, that if they credited this witness the defendants became responsible for the safe delivery of the property.

We think this was correct. It is not easy to see what further act could be required of the plaintiff in order to make the delivery complete. No further act of his could put the property more fully within defendant's control.

Believing the witness, the verdict rendered was the proper one.

Upon the question of plaintiff's title to the property the charge was very favorable to defendant. It is not necessary in all cases to sustain a recovery, that the plaintiff should possess an absolute title against the world. It is often enough if the plaintiff's title or right of possession is superior to that of defendant.

A carrier may maintain an action against any person who wrongfully removes goods from his custody. He will recover the whole value, and the recovery inures to the benefit of the owner.

We are satisfied it bars an action in his behalf. It is not necessary to multiply illustrations. It is enough to say that in this case the proof was abundant to justify the verdict.

*Judgment affirmed with costs.*